People v McDonald (2018 NY Slip Op 08266)





People v McDonald


2018 NY Slip Op 08266


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


7803 947/10 3256/12

[*1]The People of the State of New York, Respondent,
v
Devon C. McDonald, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Samuel L. Yellen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Patricia DiMango, J., at plea and sentencing), rendered September 11, 2013, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the second degree, and sentencing him to a term of three to nine years, unanimously affirmed.
To the extent the record reflects the extent of counsel's immigration advice to defendant on the immigration consequences of his plea, it shows that counsel rendered deficient advice
(see Padilla v Kentucky , 559 US 356 [2010]) when he stated on the record that defendant "could" be deported, whereas he was actually pleading guilty to an aggravated felony for which deportation was presumptively mandatory. However, the plea court immediately corrected counsel's error and advised defendant that he "will" be deported as the result of his plea. Defendant confirmed that he understood the court's warning.
Although appropriate immigration advice is the responsibility of counsel, accurate warnings from a plea court may establish that counsel's inaccurate warnings caused no prejudice, so long as counsel does not undermine the court's warning (see Lee v United States , US , 137 S Ct 1958, 1968 n 4 [2017], and cases cited therein). In light of the plea court's plain warning — which was the last word on the subject, and not in any way undermined by defense counsel — we find that the existing record establishes that defendant cannot show a reasonable probability that he would have gone to trial if he had been properly warned by counsel about deportation. Accordingly, there is no need for a remand for a hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK